PEOPLE v PENN

Docket No. 52193. Submitted January 15, 1981, at Lansing.—Decided
    March 5, 1981.
    Anthony D. Penn pled guilty to unlawfully driving away an
        automobile following his acceptance by the trial court for
        assignment as a youthful trainee under the Holmes Youthful
        Trainee Act and pursuant to a previously agreed-to plea-bar-
        gain agreement that his plea of guilty would be taken under
        advisement and would not be accepted by the court if he fully
        complied with the terms of his youthful-trainee status. Defen-
        dant was placed on probation. Defendant was subsequently
        charged with probation violation and, following a probation-
        violation hearing, his youthful-trainee status was revoked. The
        trial court thereupon accepted defendant's previous guilty plea
        and sentenced him to jail, Oakland Circuit Court, Gene
        Schnelz, J. He appeals. *Held:*
            The Holmes Youthful Trainee Act provides that upon revoca-
        tion of a defendant's status as a youthful trainee the case is
        reinstated at the point where it was interrupted when the
        consideration of the defendant as a youthful trainee was com-
        menced. Such consideration of defendant was commenced just
        prior to his entry of a plea of guilty. The trial court erred in
        accepting defendant's guilty plea.
            Reversed and remanded.

CRIMINAL LAW — YOUTHFUL-TRAINEE STATUS — STATUTES.
    A trial court in a criminal case may revoke, at its discretion, a
        defendant's youthful-trainee status at any time prior to defen-
        dant's final release, and such revocation shall serve to reinstate
        the case at the point where it was interrupted when the
        consideration of the defendant as a youthful trainee was com-
        menced (MCL 762.12; MSA 28.853[12]).

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 567, 568.
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children §§ 8, 12.

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour),* for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and C. J. HOEHN,* JJ.

R. B. BURNS, J. Defendant was charged with unlawfully driving away an automobile, pursuant to MCL 750.413; MSA 28.645. A petition was filed by defendant, requesting that he be considered for youthful-trainee status under the provisions of the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.*

A hearing for consideration of defendant's petition was set for June 1, 1979. The trial court opened the hearing by stating that it would accept defendant for assignment under the act. Defendant then pled guilty to unlawfully driving away an automobile in accordance with the plea bargain reached between the prosecutor and defendant that the plea would be taken under advisement by the court and would not be accepted if defendant fully complied with the terms of his youthful-trainee status.

The court fully complied with GCR 1963, 785.7 by advising defendant of all of his rights, and defendant stated a factual basis upon which the court could accept the plea. However, as the court had earlier indicated it would, it took the plea under advisement, assigned defendant to youthful-trainee status, and accordingly placed him on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

probation. At a later probation-violation hearing, defendant's youthful-trainee status was revoked. The trial judge then accepted defendant's guilty plea, previously tendered, and sentenced him to six months in jail.

MCL 762.12; MSA 28.853(12) reads in part:

"The court of record, having jurisdiction * * * may at any time terminate its consideration of the youth as a youthful trainee or, once having assigned the youth to the status of a youthful trainee, may at its discretion revoke such status at any time prior to the youth's final release. Such termination of consideration, or *such revocation of status as a youthful trainee, shall serve to reinstate the criminal case against such youth at the point interrupted when the consideration as a youthful trainee was commenced.* No information divulged by the youth, subsequent to the commencement of consideration of the youthful trainee status, may be admissible as evidence in the criminal case." (Emphasis supplied.)

In the present case, the point interrupted when consideration of defendant as a youthful trainee was commenced was just prior to defendant's entering the guilty plea to the crime charged. Therefore, the trial court had no choice but to reinstate the proceedings at that juncture. On remand, defendant shall be placed in the same position as he was prior to his entering the guilty plea.

Reversed and remanded.